IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL NO. 5:06CR35-8-V

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| LOUIS PATRICK WARD, ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Defendant's "Motion For Revocation Of Magistrate Judge's Order Detaining Defendant," pursuant to 18 U.S.C. §3145(b), filed July 24, 2006. (Doc.#47) Defendant's detention hearing was held on July 24, 2006, before United States Magistrate Judge David Keesler. At the conclusion of that hearing, Defendant was ordered detained.

This Court reviews *de novo* the magistrate judge's detention order. 18 U.S.C. §3145(b); *United States v. Williams*, 753 F.2d 329, 333 (4th Cir. 1985). The Court has reviewed the audio recording of the detention hearing before Magistrate Judge Keesler as well as the contents of the criminal file in this matter. In addition, the Court has reviewed the Pretrial Services Report, which recommends detention.

The Bill of Indictment, returned June 28, 2006, charges Defendant with conspiring to manufacture and possess with intent to distribute methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §846, as well as two substantive possession offenses in violation of 21 U.S.C. §§841(a)(1) and (b)(1)(A), and aiding and abetting the same in violation of 18 U.S.C. §2. (*See* Bill of Indictment, Counts 1, 4 and 12) The Indictment further alleges that the conspiracy offense involved at least five hundred (500) grams of a mixture and substance containing a detectable amount of methamphetamine. Because the Grand Jury found that probable cause exists that Defendant committed an offense for which a maximum term of imprisonment of ten (10) years or more is prescribed, a rebuttable presumption arises that no

1

condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.[1]  18 U.S.C. §3142(e).

In determining whether there are conditions of release that will reasonably assure the appearance of the Defendant and the safety of other persons and the community, the Court considers all evidence regarding:

> (1) the nature and circumstances of the offense charged (including whether the offense if a crime of violence or involves a narcotic drug);
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including —
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearances at court proceedings; and
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. . .

18 U.S.C. §3142(g).

Upon review of these factors, the Court concurs with the Magistrate Judge's finding that bond is not appropriate at this time. The nature and circumstances of the offenses charged generally favor detention in that the manufacturing and distribution of methamphetamine are serious offenses.

The weight of the evidence against Defendant is a neutral factor. The Government did not proffer any evidence or even articulate its theory of the case with respect to Defendant's alleged role in the charged conspiracy. This omission is significant given the fact that Defendant is named in two substantive drug offenses and, presumably, an undercover officer or confidential informant would have been present to provide specific, detailed information about Defendant's actions. As

---

[1]  Defendant stated in his motion that he was unable to verify that the charged offenses triggered the presumption under §3142(e) given that the Bill of Indictment was under seal. However, the Bill of Indictment was ordered unsealed on July 28, 2006. (Doc.#52)

the Magistrate Judge noted, the Government's presentation during the detention hearing was "a little thin."

An analysis of the history and characteristics of the Defendant tends to favor detention. As noted in the Pretrial Services Report, there is a question of fact regarding the extent, if any, of Defendant's purported substance abuse problem. According to Narcotics Agent Eric Smith, Caldwell County Sheriff's Department, Defendant's drug history is "severe."[2] In addition to the information gathered by Pretrial Services, the Court agrees with the Magistrate Judge that the discovery of two (2) methamphetamine pipes in Defendant's residence, one of which was located in Defendant's bedroom and described by the arresting officer as "heavily residued", is an indicator that Defendant likely has a substance abuse problem. The Court also notes that methamphetamine is highly addictive.

The history and characteristics factors asserted by the Defendant do not outweigh the Court's concern. Defendant grew up in the Western District of North Carolina and currently lives in Lincolnton, North Carolina. For approximately eleven (11) years, Defendant has lived with Nancy Walker. Defendant has been at his current residence for only nine (9) months. Defendant also has family in the area. Defendant's mother currently resides in Cherokee, North Carolina, while his seven (7) siblings continue to reside primarily in or around Catawba County, North Carolina. At least one family member was present at the July 24, 2006 hearing in support of Defendant's release. Defendant has been unemployed for at least two (2) years. Defendant receives disability benefits as a result of blindness in his left eye and various other medical issues. Defendant's prior criminal record consists of misdemeanor offenses that are remote in time.

---

[2] To the extent defense counsel challenges the Court's reliance on the sources cited by the Pretrial Officer, counsel well knows that in reaching its decision regarding eligibility for bond, the Court must rely on information gathered from Defendant's family and friends, as well as any information local law enforcement officers may have gleaned from their initial interviews of co-defendants and others in the community. Often times, it's the only information available.

Not unlike most of the cases in this district, there is no *concrete* evidence indicating that Defendant is a flight risk. As defense counsel points out, Defendant lacks the financial resources to flee the area. Similarly, there is no evidence that Defendant has ever failed to appear for prior court proceedings. The Government contends, however, that Defendant's recent move to Lincoln County was an attempt to avoid the instant charges and hide from law enforcement.[3] Regardless of Defendant's motive for relocating, law enforcement experienced relative difficulty locating Defendant given the number of times Defendant has changed residences in recent years.[4] Given the overall lack of stability, detention is preferred.

Finally, the Court must examine the danger to any person or the community that would be posed by the Defendant's release. Based on the discovery of a .32 caliber handgun in Defendant's residence at the time of his arrest, the Court cannot affirmatively find that Defendant poses no danger to the community. Further, the Court agrees with the Magistrate Judge that immediate inpatient drug treatment is ideal. Defendant's eligibility for bond may be reviewed by the Magistrate Judge upon completion.

Taking all of the factors into consideration, the Court finds that no condition or combination of conditions of bond will reasonably assure the appearance of the Defendant and the safety of other persons and the community.

**IT IS, THEREFORE, ORDERED** that the Defendant's motion to revoke the detention order entered by the Magistrate Judge is hereby **DENIED**.

---

[3] According to Agent Smith, when located by law enforcement, Ms. Walker asked how the officers found them. The Court also finds Defendant's decision to secure a post office box in Hudson, North Carolina (as opposed to Lincolnton) suspect.

[4] Defendant has reportedly had as many as five (5) different residences in the last two (2) years.

**IT IS FURTHER ORDERED** that the Clerk shall certify copies of this Order to Defense Counsel, the United States Attorney, the United States Marshal, and the United States Probation Office.

Signed: August 1, 2006

Richard L. Voorhees
United States District Judge