**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO.: 5:06CR35-V**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| **LOUIS PATRICK WARD,** | ) | |
| Defendant. | ) | |
| | ) | |

This case is before the Court on Defendant's Renewed Motion for Judgment of Acquittal (Doc. # 335), Motion for New Trial (Doc. # 336), Government's Response to Defendant's Motions (Doc. # 339), and Defendant's Reply (Doc. # 345).

**I. Background**

On June 28, 2006, Defendant Louis Patrick Ward, along with thirteen Co-Defendants, was named in a Bill of Indictment returned by a federal grand jury alleging participation in a conspiracy to manufacture and possess with intent to distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, involving at least five hundred (500) grams of a mixture and substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(a). *See* Bill of Indictment, Count 1. The Bill of Indictment also charged that Defendant did knowingly and intentionally possess with the intent to distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(c), and 18 U.S.C. § 2. *See* Bill of Indictment, Count 4. On September 28, 2007, a jury convicted Defendant on Counts 1 and 4.

1

Defense counsel moved for judgment of acquittal following the government's evidence, the close of all the evidence, and following the jury's verdict. This Court orally denied each motion.

## II. Renewed Motion for Judgment of Acquittal

Defendant Ward seeks a judgment of acquittal based upon the following: (1) there was insufficient evidence of Defendant Ward's identity as the perpetrator of the charged offenses, and (2) there was insufficient evidence presented that the quantity of methamphetamine personally attributable to Defendant Ward was more than 500 grams. The Court will address each issue in turn.

Rule 29 of the Federal Rules of Criminal Procedure provides that the Court "must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29 (a), (c). Here, this Court decided to reserve such a decision, as the rules provide, until after the jury returned its guilty verdict. Id., at § (b). Additionally, because of the Defendant's conviction, a reviewing court must consider the defendant's motion in the light most favorable to the government. *See* Glasser v. U.S., 315 U.S. 60, 80 (1942).

**A. Sufficiency of the evidence establishing Defendant Ward as the alleged perpetrator**

Proving the defendant's identity as the perpetrator of the alleged crime beyond a reasonable doubt is a necessary element of conviction for every crime. *See* Butler v. U.S., 317 F.2d 249, 254 (8th Cir. 1963). Defendant here argues that because the Government failed to have its witnesses – many of whom were co-conspirators with the defendant – 'point-out' or explicitly identify the defendant as the alleged perpetrator during its case-in-chief, then the Government did not meet its burden of proving the defendant's identity as the one who committed the offense charged. In support of this

argument, the defendant relies upon the testimony of eight of the government's witnesses[1] who testified against 'Sammy Ward', but not the 'Louis Ward' or 'Louis Patrick Ward' named in the bill of indictment. The defense contends not only that the witnesses did not point out the defendant as the perpetrator, but also that none of the witnesses referenced herein provided a physical description of the perpetrator to the jury. Additionally, the Defendant cites language from U.S. v. Holley, 502 F.2d 273 (4th Cir. 1974), which reaffirmed, in *dicta*, the premise that the Government's burden of establishing each essential element beyond a reasonable doubt extends to proving "the defendant as the perpetrator of the crime charged." Id., at 275.

In Holley, the Fourth Circuit vacated the defendant's conviction because of the trial judge's inadequate jury instruction regarding the defendant's identification or misidentification. Unlike Holley, Defendant Ward's identification was never at issue here. Defendant Wad does not argue he was misidentified in the indictment, or the subsequent trial. He argues the government failed to produce sufficient evidence establishing his identity as the perpetrator of the crime. The government's argument supporting conviction relies upon defense counsel's reference to his client as 'Sammy Ward', and the sufficiency of witness testimony to show the defendant was the perpetrator of the offenses charged.

Though the defendant and the government have presented their arguments to this Court; neither party cited the case law from our circuit governing such an issue of identification. In U.S. v. Masters, 1991 WL 6339, at *1-4 (4th Cir. Jan. 28, 1991), an unpublished opinion, one of the appellant's arguments for overturning his conviction was "that the government failed to identify him at trial as the defendant named in the indictment." supra, at *3. Masters established that courtroom

---

[1] The defense notes the testimonies of Elisa Marley; Forest Smith; John Robert "Rusty" Nelson; Jerry Malone; Johnny Watson; Christy Orr; Kristen Pilkenton; and Christopher Richardson.

3

identification of the defendant as the perpetrator of the alleged crime is unnecessary when sufficient evidence is presented at trial to establish the defendant's identity. Id.

Unlike the present case, the defendant in Masters argued that due process required an explicit identification as to his culpability in the alleged crime. Here, however, the defendant argues that his identification as the alleged perpetrator was never proven by sufficient evidence beyond a reasonable doubt. The other distinction between Masters and this case revolves around the defenses presented at trial. In Masters, the defendant's argued that his acts were not, in and of themselves, criminal. Ward argues that the government presented insufficient evidence at trial to establish his identity as the perpetrator of the alleged crime. Despite the discrepancies, Masters and the present case are analogous on many levels.

Under Masters, the court established that consideration might be given to defense counsel's reference to his client in his opening statement even though the opening statement is not to be considered evidence. In Masters, the defense counsel, in his opening statement, explained that he represented the defendant, and then referred to the defendant by name. Here, the defendant's counsel, Mr. Foster, introduced his client to the jury in voir dire, and in his opening statement explained to the jurors that, at times, his client may be referred to as 'Sammy Ward' instead of 'Louis Ward' or 'Louis Patrick Ward' named in the Bill of Indictment. Furthermore, Mr. Foster repeatedly referred to his client as 'Sammy Ward' during cross-examination[2]. Defense counsel thus recognized his clients identity as possibly being 'Sammy Ward', and did so in numerous different phases of the trial in the jury's presence.

---

[2] *See* Testimony of Johnny Watson, T. at 20, 24; Testimony of Kristen Pilkenton, T. at 27-28, 31-32, & 34-35; Testimony of Jerry Malone, T. at 32, 35, 38, 40, 44-45, 49 (explicitly naming his client Sammy Ward as a co-defendant with Jackie Clark in the present trial); Testimony of John Robert Nelson, T. at 34-35, 38; Testimony of Christy Orr, T. at 13, 15, 18 (lived with Ward for four weeks), 19-21; Testimony of Forest Smith, T. at 17-18; Testimony of Elisa Marley, T. at 21, 30.

Masters also recognizes that if witness testimony describing the defendant's involvement in the alleged crimes during the trial is done in the defendant's presence, and without suggestion that he was not the person charged, then explicit courtroom identification is unnecessary. Here, the government presented multiple witnesses who testified with personal knowledge that the person against whom they were testifying was known as 'Sammy Ward'. *See e.g.* Testimony of Johnny Watson, T. at 4, lines 19-25; "Q. All right, sir. Now, do you know the defendant Sammy Ward? A. Yes, ma'am. Q. How do you know Mr. Ward? A. He lived behind me on Abbington Road. I've seen him at Arlie Henson's house and I've been up to his trailer with another woman by the name of Christy Orr."; *see also*, Testimony of Kristen Pilkenton, T. at 3, lines 12-15; "Q. Do you know the defendant Sammy Ward? A. Yes. Q. How do you know defendant Ward? A. I went to his house to buy drugs with two other people." Though the two references are not exhaustive of how each witness knew Defendant Ward, it does establish a basis for personal knowledge of the defendant's identity. Furthermore, Kristen Pilkenton testified under direct examination that the photographed trailer presented in Government's Exhibits # 1 and # 3 were in fact photographs of Defendant Ward's trailer where the alleged drug activity had taken place. *See* Testimony of Kristen Pilkenton, T. at 6, lines 1-25, & at P. 7, lines 1-25. It appears to this Court that the government presented sufficient evidence establishing Defendant Ward's identity as the perpetrator of the alleged crime.

In addition to the fact that none of the government's witnesses suggested Defendant Ward was not the person charged in the Bill of Indictment, "there was never any assertion that the government had accused, arrested, or tried the wrong person." Masters, at *3, *see also* Butler v. U.S., 317 F.2d 249, 254 (8th Cir. 1963) ("It is inconceivable that [this defendant]...would have sat mute and subjected [himself] to the ordeals of the lengthy trial if [he] had sincerely and in good faith

5

believed [he was] being tried for an offense with which [he was] completely disassociated."). Until the present motion, the defendant failed to inform this Court, or the jury, that he was not the person charged in the indictment. "Courtroom identification is not necessary when the evidence is sufficient to permit the inference that the defendant on trial is the person who [committed the acts charged]. Thus, the failure of the government to have a witness point to Masters at trial and say, 'He was the one,' was inconsequential." Id. (internal citations omitted). The evidence presented at trial and deliberated upon by the jury was sufficient to establish Defendant Ward's identity as the perpetrator of the charged crimes.

    **B. Sufficiency of the evidence regarding the quantity of methamphetamine personally attributable to Defendant Ward**

Defendant Ward also argues that the record provides insufficient evidence to support the jury's conclusion that a quantity of 500 grams or more of a mixture and substance of methamphetamine was reasonably foreseeable to him. Defendant contends that taken in the light most favorable to the government, the maximum reasonably foreseeable amount was only 387.01 grams. See Renewal of Motion for Judgment of Acquittal, P. 9. The Defendant's argument, however, relies solely upon adding together the amounts testified by the eight witnesses mentioned in Footnote # 1, and fails to consider the surrounding facts and circumstances supporting the jury's determination of the amount reasonably foreseeable to the Defendant.

A defendant may become liable for foreseeable actions of his co-conspirator's performed during and in furtherance of the conspiracy, or actions that are a natural consequence of said conspiracy. U.S. v. Carrington, 301 F.3d 204, 211 (4th Cir. 2002). The evidence presented at trial shows that Ward was intricately involved as both a purchaser and a supplier of methamphetamine in

this conspiracy. The government called eight witnesses who testified about their drug dealings with Ward. Both sides extensively questioned these witnesses about their dealings with Ward, their membership in the conspiracy, and whether or not they were currently serving a sentence in connection with their own dealings in the conspiracy. While the defendant argues that the only amount reasonably foreseeable to him was the amount testified to by the eight witnesses, the jury was presented with sufficient evidence to conclude that the amount reasonably foreseeable to him was greater than 500 grams based upon his pervasive membership in the conspiracy. *See e.g.*, Testimony of Johnny Watson, T. 6, Lines 19-25 ("Q. Did you and the defendant on the occasion that he was at Mr. Henson's discuss with you where his normal source of supply came from? A. No. I overheard him say that his people that he was getting his dope from, it was getting hard to get meth from them so that's the reason he got hooked up with Buddy – with Mr. Henson."); *see also* Testimony of Jerry Malone, T. 4, Lines 9-12 ("Q. Now, do you know the defendant Sammy Ward? A. Yes, ma'am. Q. How do you know the defendant Ward? A. I purchased methamphetamine from him."). Viewing the evidence in the light most favorable to the government, this Court finds there was sufficient evidence presented at trial from which the jury could have reached the conclusion that the amount reasonably foreseeable to Ward was greater than 500 grams.

### III. Motion for New Trial

Defendant asks this Court to vacate his guilty verdict and grant a new trial because the interests of justice so require for the same reasons noted in support of his Renewal of Motion for Judgment of Acquittal. In further support, the Defendant contends that the jury's deliberation process of 20 minutes was too short for it to have adequately weighed the evidence, and reached a conclusion based upon the instructions given by this Court. Pursuant to Rule 33(a) of the Federal Rules of

Criminal Procedure, "[U]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a).

While the Fourth Circuit does not have a holding directly on point, other circuits have addressed this issue. In holding that the amount of time spent in deliberations was irrelevant, and should not have been considered by the district judge, the Seventh Circuit wrote that, "If we trust our jury system, we must trust our jurors. Before attaching great significance to the short time the jury took for deliberations, we must have reason to suspect that the jury in some way disregarded its instructions or otherwise failed in its duty. A brief deliberation cannot, alone, be a basis for an acquittal." U.S. v. Cunningham, 108 F.3d 120, 124 (7th Cir. 1997). The Fifth Circuit has repeatedly held that "[w]e cannot hold an hourglass over the jury. If the evidence is sufficient to support the verdict, the length of time the jury deliberates is immaterial." Guar. Serv. Corp. v. Am. Employers' Ins. Co., 893 F.2d 725, 729 (5th Cir. 1990) (quoting Marx v. Hartford Accident and Indem. Co., 321 F.2d 70, 71 (5th Cir.1963)).

At trial, defense counsel raised ample credibility issues with the government's witnesses. The fact the jurors delivered a verdict in a short period of time does not necessarily indicate they did not follow the instructions given by the court, including the weighing of evidence given at trial, or that they formed opinions of guilt or innocence prior to instructions. For the reasons stated here, and in Section II of this Order, this Court finds there was sufficient evidence presented to the jury to convict the Defendant of the crimes alleged in the indictment, and the amount of time spent in deliberations does not establish any jury nullification issues for which granting a new trial would be appropriate. Thus, the Defendant's Motion for New Trial is denied.

## IV. Order

**IT IS THEREFORE ORDERED THAT** Defendant's Renewed Motion for Judgment of Acquittal and Motion for New Trial are both hereby **DENIED**.

Signed: June 17, 2008

Richard L. Voorhees
United States District Judge